GRAY, ET AL., APPELLANTS, v. CORCORAN, ET AL., RESPONDENTS.

No. 9204.

Submitted January 18, 1954. Decided April 29, 1954.

269 Pac. (2d) 1091.

Messrs. Gray & Gray; Messrs. Hoffman & Cure, Mr. Harvey B. Hoffman, Great Falls, for appellant.

Mr. J. H. Corcoran, Great Falls, pro se.

Messrs. McCabe & McCabe, Mr. Ernest J. McCabe, Jr., Great Falls, for respondents.

Mr. Hoffman and Mr. Ernest J. McCabe, Jr., argued orally.

MR. JUSTICE ANGSTMAN:

On April 25, 1927, the assets of the then defunct American Bank & Trust Company of Great Falls were sold to plaintiffs, defendant J. H. Corcoran and others, and a written declaration of trust was declared, A. J. Fousek being declared the trustee. Later plaintiffs and defendant J. H. Corcoran secured the rights of the other purchasers so that when this action was commenced the trust property was held in the following proportions: A. H. Gray, an undivided 11/23 interest; A. J. Fousek, an undivided 3/23 interest; J. H. Corcoran, an undivided 9/23 interest. The declaration of trust provided that the property was to be sold and disposed of by the trustee and the proceeds distributed to the beneficiaries of the trust in proportion to the interests above stated.

This action was brought to determine the ownership of 320 acres acquired in a trade or exchange of 320 acres of trust property for 320 acres of land fromerly owned by the Reichelt Land and Livestock Company, the title to which passed from the Land and Livestock Company to defendant Golda L. Corcoran, wife of J. H. Corcoran. The complaint in substance alleges that the 320 acres of trust property was first sold in October 1930 by J. H. Corcoran acting for trustee Fousek to the Reichelt Land and Livestock Company for the sum of $1,120, $320 of which was paid at the time that the contract for deed was executed and the balance to be paid in installments; that the installments were never paid and in 1936 J. H. Corcoran, as attorney for Fousek, trustee, brought an action to recover the balance due under the contract; that a demurrer to the complaint was filed and no further action was taken; that J. H. Corcoran as attorney for Fousek entered into a contract with the Reichelt Land and Livestock Company to deliver a deed to it covering the 320 acres of trust land, providing the Reichelt Company would make and

deliver a deed to its 320 acres; that the Reichelt Company understood and believed its deed would be made out to the trustee or to the three co-owners of the trust land; that J. H. Corcoran advised plaintiff Gray of the proposed deal for the exchange of the two tracts but did not advise Fousek thereof; that Gray, after inspecting the lands, approved of the trade; that defendant J. H. Corcoran delivered the deed from Fousek, trustee, to the Land and Livestock Company and fraudulently induced the Company to make its deed in blank so as to enable him to insert the name of the grantee and that he did insert the name of Golda L. Corcoran as grantee therein; that the plaintiffs and J. H. Corcoran were the true and equitable owners of the land and that plaintiffs have never consented or agreed that their title or interest be taken in the name of Golda L. Corcoran; that twice upon inquiry from plaintiff A. H. Gray, defendant J. H. Corcoran informed him that he had taken title to the Reichelt land in their names jointly; that plaintiffs did not learn of the falsity of the representation until about a year before this action was commenced when they ascertained the truth by examining the records in Chouteau County where the land was located; that upon discovery of the fact plaintiff Gray made demand for a conveyance of plaintiffs' interest in the land to them, which demand has been ignored; that after this action was commenced plaintiff Fousek as trustee made a quitclaim deed to Gray for an undivided 11/23 interest in the Reichelt land and a like deed to himself conveying a 3/23 interest therein; that Golda L. Corcoran received no interest in the property by virtue of the deed to her and that she holds the property in trust for plaintiffs.

As a second cause of action the complaint amounts to a short form of a suit to quiet title in plaintiffs, 11/23 interest to plaintiff Gray and 3/23 interest to plaintiff A. J. Fousek, and requiring defendants to set forth their claims to the land. Defendants by answer deny generally the allegations of the complaint except that they admit that Golda L. Corcoran is the wife of J. H. Corcoran, and they allege that plaintiffs at all times since the recording of the deed, knew that Reichelt Land and

Livestock Company had executed a deed to Golda L. Corcoran and that plaintiffs Gray and A. J. Fousek, prior to the making of the deed, gave their consent thereto and approved of the transfer.

As the first affirmative defense it is alleged that plaintiffs' alleged causes of action are barred by sections 9029, 9030, 9031 and 9033, R. C. M. 1935, now R. C. M. 1947, secs. 93-2603, 93-2604, 93-2605 and 93-2607.

The second affirmative defense pleads the defense of laches. The third affirmative defense alleges in substance that on or about January 22, 1930, Fousek, as trustee, consulted with the defendant J. H. Corcoran and retained and employed him to find and produce a buyer for the trust property described in the complaint; that he accepted the employment and undertook to find and produce a buyer and after several months of investigation he did, on or about the 1st day of October 1930 produce and furnish a buyer for the property; that the buyer was the Reichelt Land and Livestock Company of Fort Benton; that the selling price was the sum of $1,120 of which $320 was paid in cash and the balance to be paid in installments; that the Land and Livestock Company failed to meet the installment payments as agreed and failed to pay taxes on the property, and trustee Fousek duly consulted the defendant J. H. Corcoran and employed him as attorney to bring an action to recover the balance due under the contract; that thereupon such action was commenced in the name of Fousek, trustee, against Reichelt Land and Livestock Company; that the defendant J. H. Corcoran in connection with that action paid out the sum of five dollars for filing a complaint, the sum of six dollars and 60 cents for serving the summons; that his reasonable attorney's fees amounted to the sum of $250; that he paid delinquent taxes, interest and penalties amounting to the sum of $240.28; that of the agreed price of the land in the sum of $1,120, the defendant Corcoran's share amounted to the sum of $438.21; that no part of the sums of money had been paid to him by the trustee, A. J. Fousek, and that on the 10th day of September 1936, the total amount due

to the defendant J. H. Corcoran was the sum of $940.09; that the defendant J. H. Corcoran made demand upon Fousek, trustee, for the payment of this amount and after consultation with the trustee, A. J. Fousek, the trustee agreed with defendant J. H. Corcoran that he should take the land involved in the lawsuit in full settlement of his claim; that this was agreed to by the defendant J. H. Corcoran and as a result thereof Fousek as trustee made out a deed leaving the name of the grantee blank and turned it over to the defendant J. H. Corcoran in satisfaction of his claims, and the account was canceled as paid in full.

As a further separate defense it was alleged that there is another action pending between the same parties for the same cause of action, which action was filed on November 25, 1946, in the Cascade county district court. Other affirmative defenses were pleaded but evidence in their support was excluded and hence they need not be further considered here.

Upon leave of court the defendants were permitted to file an amendment to their answer and cross complaint, which in substance alleged that on the 18th day of January 1947, Golda L. Corcoran made and entered into a written contract with William A. Patterson of Floweree, Montana, by the terms of which she sold the property in question to Patterson and that Patterson at the time of making the contract had no knowledge that plaintiffs claimed any interest in the property. The reply put in issue the affirmative allegations of the answer.

The case was tried to the court sitting without a jury, resulting in judgment in favor of the defendants and against the plaintiffs. The judgment quieted title to the property in defendant Golda L. Corcoran, "subject, however, to the rights of Wm. Arthur Patterson under his agreement to purchase." It declared that plaintiffs have no right, title or interest in the property. It decreed that the quitclaim deeds from Fousek to Gray for a 11/23 interest and from Fousek to himself for a 3/23 interest are invalid and ineffective. It declared that the judgment is given without prejudice to the rights of these plaintiffs

in the action pending in the district court of Cascade County, referred to in the answer and identified as No. 33690.

While several specifications of error are made, the argument simmers down to the proposition as to whether the evidence is sufficient to sustain the court's judgment.

It is well settled that in reviewing the evidence we must, in ■ case of conflict, consider it in the light most favorable to the prevailing party. So viewing the record, we find in it sufficient evidence to support a finding that the trust land was sold to the Reichelt Livestock Company and the consideration of $320 as down payment was made and received by the trustee. When the Livestock Company defaulted in the payment of the balance, the trustee employed Mr. Corcoran to bring an action to recover the balance due under the contract. While that action was pending Mr. Corcoran negotiated a settlement with the Livestock Company which the evidence shows was satisfactory to Mr. Fousek and Mr. Fousek thereupon gave a deed covering the trust property to the Reichelt Livestock Company. The Reichelt Company in return executed a deed to what is known as the Fourteen Mile Spring Creek Land to an unnamed grantee, and defendant J. H. Corcoran after receiving the deed inserted his wife's name as grantee.

Plaintiffs contend that a trustee of property with the power ■ of sale has no authority to exchange the trust property for other property. They rely upon a statement to that effect in the Restatement of the Law of Trusts, sec. 190 m. p. 509. However, where as here, all those interested in the trust property as beneficiaries consent thereto, there is no reason why a trustee may not exchange trust property for other property. Courts hold that where the trust agreement gives the trustee authority to sell and dispose of property as here, he may exchange it. Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855; Killmer Paint & Glass Co. v. Davenport-Bethell Co., 136 Okl. 252, 277 Pac. 653, 63 A. L. R. 997. Likewise he may employ an attorney at the expense of the trust. R. C. M. 1947, sec. 86-510; Mitau v. Roddan,

149 Cal. 1, 84.Pac. 145, 6 L. R. A., N. S., 275; 65 C. J., Trusts, sec. 583, p. 718, et seq.

Mr. Corcoran testified that plaintiff Fousek, trustee, told him to go ahead and make a settlement of the action which he had commenced against the Reichelt Company. He thereupon talked with Mr. Stranahan, the attorney who filed a demurrer on behalf of the Reichelt Company and Stranahan told him the matter could be settled if Fousek would give a deed to the Reichelt Company for the land under contract, and the Company in turn give a deed to a half section of land at the Twenty-Eight Mile Spring.

Corcoran thereupon took the matter up with Fousek and he said to go ahead with the matter. He also said that he told plaintiff Gray the same thing and he likewise said, "Go ahead and close the matter up." Mr. Gray drove out with Mr. Corcoran to look at the land and told him, "You can go ahead with the deal as far as I am concerned." Mr. Corcoran thereupon closed the deal. Mr. Corcoran delivered to Stranahan a deed signed by Mr. Fousek and in turn Mr. Stranahan delivered to Mr. Corcoran a deed signed by the Reichelt Company. When Mr. Corcoran received the deed signed by Mr. Fousek, he advised Mr. Fousek that he had not received his attorney fees, the taxes and other expenses he had paid, and Fousek said, "Well, you can do as you please with this land and this deal is square and that is the end of it as far as I am concerned." The deed from Reichelt did not have the name of the grantee written in and Mr. Corcoran after receiving the deed wrote in the name of Golda L. Corcoran as grantee. Mr. Corcoran testified that time after time and week after week he talked with Mr. Gray and Mr. Fousek about all these transactions and notified them that he had inserted his wife's name as grantee in the Reichelt deed, and neither of them made any objections or criticism until Corcoran filed a suit for accounting.

Much of Corcoran's testimony was disputed, but we are unable to say that the court was in error in finding for defendants and against plaintiffs simply because the evidence was conflict-

ing. Much of the testimony given by Mr. Corcoran was corroborated by the testimony of Mr. Stewart, a licensed real estate broker. Moreover, the denial by Mr. Fousek of the sale of the trust property and the receipt of the down payment of $320 was refuted by the record which shows that he signed the deed to the Reichelt Company and the complaint in the action brought to recover the balance due, both of which acknowledge receipt of the $320.

We find in the record ample evidence to sustain the judgment of the trial court, and it is accordingly affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.